UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JAMES R. O'DONNEL JR., | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-00243 |
| AFFILIATE ASSET SOLUTIONS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes JAMES R. O'DONNEL JR., ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of AFFILIATE ASSET SOLUTIONS, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18-years-of age residing within the Southern District of Texas.

5. Defendant is third-party debt Collection Company with its principal office located at 145 Technology Pkwy, Suite 100, Peachtree Corners, Georgia 30092. Defendant regularly collects upon consumers located within the State of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party contractors, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject debt") Plaintiff allegedly owed.

8. The subject debt stems from Plaintiff's purported default in connection with a Capital One credit card Plaintiff is said to have incurred for personal purposes sometime in 2008.

9. Several months ago, Plaintiff began receiving calls to his cellular telephone number, (832) XXX-0413, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone number ending in -0413. Plaintiff is and always has been financially responsible for the cellular telephone and its services.

11. Defendant has called Plaintiff using various phone numbers, including but not limited to (855) 820-5237, (346) 214-6398, and (346) 200-4950.

12. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

13. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

14. Defendant's frequent and consistent collection calls caused Plaintiff to demand that it cease calling his cellular phone.

15. Defendant willfully ignored Plaintiff's demand and continued placing phone calls to Plaintiff's cellular phone.

16. Defendant's harassing collection calls to Plaintiff's cellular telephone were particularly inconvenient to Plaintiff because he uses his cellular telephone for work.

17. Defendant's harassing collection calls to Plaintiff's cellular telephone interfered with Plaintiff's ability to work.

18. Despite Plaintiff's efforts, Defendant has continued to regularly call his cellular phone up until the filing of this lawsuit.

19. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after being notified to stop.

20. Plaintiff has received numerous phone calls from Defendant since asking it to stop calling.

21. Upon information and belief, when Defendant began contacting Plaintiff, the statute of limitations had elapsed for Plaintiff to be sued for the subject debt.

22. During conversations with Defendant, Defendant's representatives intentionally failed to disclose to Plaintiff, that any payment on the subject debt, or any promise to make payment on the subject debt, would revive the statute of limitations.

23. Furthermore, Defendant falsely threatened to take legal action against Plaintiff if he did not satisfy the subject debt.

24. Defendant's threat and allusion to litigation was false and misleading, since the subject debt would be past any applicable statute of limitations (since it is from 2008), thus legally precluding Defendant from initiating *any* litigation in connection with the subject debt.

25. Frustrated over Defendant's conduct, Plaintiff spoke with his attorney regarding his rights, resulting in exhausting time and resources.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, interfering with Plaintiff's ability to work, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though full set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the ACA, an association of debt collectors, since 2015.[1]

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff numerous times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

35. Defendant was notified by Plaintiff that its calls were not welcomed. Furthermore, Defendant consistently called Plaintiff while he was working causing a great amount of distraction. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

---

[1] http://www.acainternational.org/search#memberdirectory

36. Additionally, Defendant violated § 1692d through its harassing threat of taking legal actions against Plaintiff when it could not do so. Defendant made this harassing threat hoping that Plaintiff would succumb to the threat and make payment. Defendant intended to engage in conduct which it knew would have the natural consequence of harassing and abusing Plaintiff.

### b. Violations of FDCPA § 1692e

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

39. Defendant violated §§ 1692e, e(5), and e(10) through its threat of false litigation. Defendant explicitly threatened to engage in litigation in connection with the subject debt, even though Defendant would not lawfully be able to do so given the age of the debt and the applicable statute of limitations.

40. Defendant further violated §§1692e, e(2)(A) and e(10) through its blatant failure to advise Plaintiff that the statute of limitations period had elapsed on the subject debt. Rather than following the law, Defendant falsely threatened to take legal action against Plaintiff. The omission is deceptive because it is designed to revive the statute of limitations on a debt that cannot be

legally enforced. Defendant attempted to lure Plaintiff into a trap whereby he would pay towards a time-barred debt in exchange for a renewed statute of limitations period.

41. Furthermore, Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

42. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

44. Defendant further violated § 1692f when it attempted to revive the statute of limitations by failing to disclose that it cannot sue on the subject debt, and attempting to induce Plaintiff into making a payment on the subject debt or acknowledging the subject debt.

45. Furthermore, Defendant violated § 1692f when it unfairly informed Plaintiff that if he did not pay the subject debt he would be sued, given Defendant's lack of intent to follow through on

such threat and the fact that Defendant would not be lawfully permitted to engage in such conduct due to the age of the debt.

46. As pled in paragraphs 25 through 27, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JAMES R. O'DONNEL JR., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

49. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

50. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   a. **Violations of TDCA § 392.302**

51. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

52. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous after he notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

### b. Violations of TDCA § 392.304

53. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

54. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting his cellular absent his consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct.

55. Additionally, Defendant violated the TDCA when it misleadingly threatened litigation in connection with a debt that had passed its applicable statute of limitations and by failing to disclose, in phone calls with Plaintiff, that the subject debt was past any applicable statute of limitations.

WHEREFORE, Plaintiff, JAMES R. O'DONNEL JR., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 17, 2020                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com